IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN MOOREHEAD, | No. C 09-02182 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SAFEWAY, INC., | |
| Defendant. | |

Defendant has filed a motion to dismiss plaintiff's complaint, or in the alternative for a more definite statement of plaintiff's claims. The motion is currently set for hearing on January 15, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS defendant's motion to dismiss.

**BACKGROUND**

Pro se plaintiff Ken Moorehead instituted this action against defendant Safeway, Inc. on May 19, 2009 by filing a 21-page complaint containing allegations related to plaintiff's employment at a Safeway grocery store located in San Francisco, California. Defendant filed a motion for a more definite statement of plaintiff's claims. Before the Court ruled on that motion, plaintiff sought leave to file an amended complaint. By order dated October 13, 2009, the Court granted both motions, stating that it agreed with defendant that an amended complaint was required to clarify plaintiff's allegations. The Court ordered plaintiff to file his amended complaint by October 30, 2009, and plaintiff filed a 28-page amended complaint on that date.

Presently before the Court is defendant's motion to dismiss the amended complaint, or in the alternative for a more definite statement of plaintiff's claims.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where the plaintiff is pro se, the Court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a pro se plaintiff must still allege facts sufficient to allow a reviewing court to determine that a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**DISCUSSION**

Defendant moves to dismiss plaintiff's complaint on the ground it fails to state a claim or establish federal subject matter jurisdiction. In the alternative, defendant seeks a more definite statement on the ground plaintiff's claims are too "vague, ambiguous, and unintelligible" to permit a response. As both motions raise largely the same arguments, the Court will consider them together.

As defendant points out in its motion, plaintiff's amended complaint is largely a copy of his original complaint, which the Court previously determined was insufficient to apprise defendant or the

2

Court of plaintiff's claims and the underlying facts. The amended complaint consists in large part of rambling and often unintelligible descriptions of plaintiff's life history, health problems and hospital stays, interactions with his union representative, and day-to-day work responsibilities. As for possible causes of action, the complaint makes reference to unspecified sections of the California Constitution and California Code, and to various sections of the United States Code, including 28 U.S.C. § 2501, 42 U.S.C. §§ 1981, 1981a, 1983, 1985, 2000e-2, 2000e-5, 2000e-16, and 12101 et seq. These federal statutory provisions pertain primarily to disability discrimination, employment discrimination generally, and the deprivation of constitutional rights (plaintiff refers to the First, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments).[1] Plaintiff does not explain, however, how the facts he describes in the complaint – which are themselves difficult to understand – give rise to a claim that any of these statutes or constitutional guarantees was violated.

Even under the liberal standard applied to pro se pleadings, the Court finds that plaintiff's complaint is insufficient to enable the Court to discern plaintiff's claims, the facts he alleges in support of those claims, and the relief he seeks. Accordingly, defendant's motion to dismiss is GRANTED, and plaintiff is granted leave to amend. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("[D]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted).

Plaintiff's second amended complaint must be filed **no later than January 25, 2010**. Plaintiff is reminded that his amended complaint should (1) state the basis for federal jurisdiction; (2) specifically identify the claims plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to his claims, including the dates upon which the events occurred; and (4) state the relief plaintiff seeks. During the ADR phone conference held on November 12, 2009, it was recommended to plaintiff that he seek assistance with his case from the Northern District's Pro Se Help Desk, and the Court believes that such assistance would prove beneficial.

---

[1] 28 U.S.C. § 2501 concerns the statute of limitations for claims brought before the United States Court of Federal Claims. Plaintiff provides no explanation of how this statute might be applicable to the present action in this Court.

3

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is GRANTED with leave to amend. (Docket No. 33). Plaintiff's second amended complaint must be filed by **January 25, 2010**.

**IT IS SO ORDERED.**

Dated: December 29, 2009.

SUSAN ILLSTON
United States District Judge