**\*\*E-filed 12/16/10\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KEN MOOREHEAD,

        Plaintiff,

  v.

SAFEWAY,

        Defendant.
_____/

No. C 09-2182 RS

**ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS**

    Plaintiff Ken Moorehead, appearing *in pro se*, alleges that defendant Safeway violated the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*. Safeway's motion to compel Moorehead to respond to its written discovery requests and to appear for deposition, and its motion for sanctions (separately-noticed, in compliance with Civil Local Rule 7-8), were submitted without oral argument, pursuant to Civil Local Rule 7-1.

    Safeway's motion to compel responses to its written discovery is granted. The requests seek basic, non-privileged, information relevant to Moorehead's claims and any evidence he may have to support them. As such, the requests are reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26. With one exception, Moorehead has not objected to any of the requests, and he has provided no responses at all. He filed no opposition to this motion.

    Prior to the time this motion was filed, Moorehead did submit a letter to the Court in which he expressed a need for additional time to respond to the discovery. Safeway, however, thereafter

communicated directly with Moorehead, provided him additional time to respond to the discovery, and only filed this motion after he still failed to respond. In his letter, Moorehead also objected to a request that he identify any prior felony convictions he may have. That objection is not tenable because prior felony convictions are, subject to certain limitations, admissible evidence. See Fed. R. Evidence 609. Accordingly, no later than January 5, 2010, Moorehead shall serve Safeway with complete responses to its written discovery requests.

Safeway's motion to compel Moorehead's attendance at deposition is also granted, subject to the condition that it be held within the city limits of San Francisco, at a location reasonably accessible by public transportation. Safeway must make a good faith effort to contact Moorehead to arrange for a mutually agreeable date, time, and location for the deposition, but Moorehead is hereby advised that if he fails to respond to Safeway's efforts to contact him, Safeway will be entitled to set the deposition unilaterally for any day during business hours in the month of January 2010, and he will be obligated by this Court order to attend.

Safeway's motion for monetary sanctions is denied. Moorehead is advised that any failure by him to comply with this order may result in the imposition of sanctions against him, including monetary sanctions and orders that limit his claims and/or the evidence he is entitled to present at trial in support of those claims.

IT IS SO ORDERED.

Dated: 12/16/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Ken Moorehead
34 Turk Street, #351
San Francisco, CA 94102


DATED:  12/16/10

                                              /s/ Chambers Staff
                                              Chambers of Judge Richard Seeborg

**United States District Court**
For the Northern District of California